IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RUSSELLVILLE SCHOOL DISTRICT**                                           **PLAINTIFF**

v.                                   Case No. 4:20-cv-00722 KGB

**T. R., Parent and Next Friend of K.R.,**
**a Minor**                                                                 **DEFENDANT**

## ORDER

Before the Court are the motion to dismiss amended complaint and motion for leave to file a reply brief of defendants T.R., individually and as parent and next friend of K.R., a minor ("defendants") (Dkt. Nos. 8, 15). For good cause shown, the Court grants defendants' motion for leave to file a reply brief, directs defendants to file their reply within 14 days from entry of this Order, and has considered their proposed reply when ruling on the pending motion (Dkt. No. 15). For the reasons that follow, the Court denies defendants' motion to dismiss the amended complaint of plaintiff Russellville School District ("RSD") (Dkt. No. 8).

**I.      Background**

Defendants move to dismiss RSD's amended complaint. Specifically, defendants argue that RSD's appeal of the hearing officer's decision in case no. H-20-09, brought under the Individuals with Disabilities Education Act ("IDEA"), is now moot because RSD has implemented fully all of the material terms of the hearing officer's order (Dkt. No. 8, ¶¶ 1-3). RSD responded in opposition to defendants' motion to dismiss the amended complaint as moot claiming that it had not yet complied fully with the hearing officer's order and that the case is excepted from the mootness doctrine as it is "capable of repetition yet evading review." (Dkt. No. 13).

Defendants move for leave to file a reply brief to address specific arguments raised by RSD in its response to the motion to dismiss (Dkt. Nos. 15, 15-1). For good cause shown, the Court grants defendants' motion for leave to file a reply brief, directs defendants to file their reply within 14 days from entry of this Order, and has considered their proposed reply when ruling on the pending motion (*Id.*).

Defendants also filed an answer to the amended complaint and counterclaim in which they seek attorneys' fees and costs as the prevailing party in a proceeding under the IDEA and also "compensatory damages for their pecuniary and non-pecuniary losses in an amount determined by a jury" (Dkt. No. 16, at 11). The Court notes that in *Doe v. Russellville School District, et al.*, Case No. 4:20-cv-00735-KGB, defendants also seek attorneys' fees and costs associated with their appeal of administrative case no. H-20-09

RSD has filed the administrative record of the hearing in case no. H-20-09 with the Court (Dkt. No. 22, ¶ 3). In its latest status report, RSD states that it intends to file a motion to amend its complaint to include an appeal of an additional hearing officer's final decision and an order issued July 3, 2021, in two additional due process hearings filed by defendants against RSD (*Id.*).

## II. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a [Federal] Rule [of Civil Procedure] 12(b)(6) motion to dismiss does not need detailed factual

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted). "[T]he complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999).

"When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). The Court may, however, "consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Roe v. Nebraska*, 861 F.3d 785, 788 (8th Cir. 2017). A reviewing court "may consider these materials without converting the defendant's request to a motion for summary judgment." *Roe*, 861 F.3d at 788 (citations and quotation marks omitted); *see Lustgraaf v. Behrens*, 619 F.3d 867, 885–86 (8th Cir. 2010) ("[W]hen considering a motion to dismiss . . . , [a court] may take judicial notice (for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents) of relevant public documents[.]" (alterations in original) (emphasis omitted)).

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden*, 212 F.3d at 469).

### III.     Analysis

In their due process hearing complaint in case no. H-20-09, defendants alleged procedural and substantive violations of the IDEA. In a March 9, 2020, decision, the hearing officer found that RSD denied K.R. a free appropriate public education ("FAPE") for the period from May 2019 to September 23, 2019, because RSD did not include sufficient behavioral supports on K.R.'s individualized education program ("IEP"). The hearing officer ordered RSD to take the following actions:

1. Contact a B[oard] C[ertified] B[ehavioral] A[nalyst] [("BCBA")] within fifteen (15) days of the date of this decision and make arrangements for (1) a full behavioral evaluation to be conducted for Student and, (2) a program to address Student's behavioral issues going forward. Should the program recommended by the BCBA include ABA therapy, District shall provide this therapy to Student in accordance with the behavioral program. District shall revise Student's IEP to reflect the BCBA evaluation and the updated program recommended by the evaluator.

2. Revise Student's IEP to reflect a change in Student's placement from the ALE to a classroom appropriate for Student in light of his circumstances. Student's IEP team shall meet to discuss whether Student would be best served in a traditional general education classroom with supports, or in a self-contained classroom. District and Parent will meet prior to the implementation of this change in placement and agree to a transition plan for Student. Following this change in placement Student's IEP team will meet every three (3) months for the first year to reevaluate whether the new placement is, in fact, appropriate for Student.

3. Assign a one-on-one paraprofessional to Student. Student's IEP team will meet every three (3) months for the first year to reevaluate whether a 1:1 aide continues to be necessary for Student.

(Dkt. No. 5-1, at 39-40).

In their motion, defendants assert that "RSD has now fully implemented all material terms of the impartial hearing officer's order" (Dkt. No. 8, ¶ 3). Defendants claim that the hearing officer's order requiring "IEP meetings every three months for a year is incidental relief that simply

4

requires RSD to comply with the IDEA and does not create an Article III 'case or controversy.'" (Dkt. No. 8, ¶ 3).

In its response, RSD states that defendants' argument is baseless and disingenuous because defendants "have filed a second due process claim based upon the same set of facts at issue in the present case, simply covering a different time period," and additionally "have filed a civil suit [*Doe v. Russellville School District, et al.*, Case No. 4:20-cv-00735-KGB] to recover monetary damages based on the same set of facts at issue in the present case." (Dkt. No. 14, at 5).

RSD also asserts that it has completed some, but not all, of the requirements in the hearing officer's order because it arranged for a Board Certified Behavioral Analyst ("BCBA") to conduct a behavioral evaluation of K.R. and because the parties have agreed to "work toward a traditional classroom for eventual placement." (Dkt. No. 14, at 2-3).  At the time that RSD responded to the motion to dismiss, however, the behavioral evaluation report was still pending.  Additionally, RSD did not yet have a behavior plan or program based on the BCBA's evaluation, and K.R. had not been removed from the alternative learning classroom (*Id.*, at 3).  Additionally, at that time, K.R. could not "even attend a full day in the alternative learning classroom, much less be moved to another classroom." (*Id.*).

RSD contends that, if this Court overturns the hearing officer's finding that the student has been denied FAPE, then it would "no longer be obligated to fulfill the requirements that remain" which it contends are "now inappropriate"; it "would no longer be limited in choosing between only two illogical placement options the hearing officer selected"; it could provide support "to the student differently than [] exclusively one-on-one"; and "the District would not be required to review the student's placement every three months for a year." (*Id.*, at 6).

Defendants cite to *Jefferson County Board of Education v. Bryan M*, 706 F. App'x 510, 513 (11th Cir. 2017), for the proposition that a case is moot when a party fully complies with an order under review (Dkt. No. 9, at 2-3).  In *Jefferson County*, the Eleventh Circuit Court of Appeals stated that "[o]ne way a case can become moot is where an intervening event precludes a federal court from granting any effectual relief to any party."  *Id*. (citing *United States v. Sec'y, Fla. Dep't of Corr.*, 778 F.3d 1223, 1228 (11th Cir. 2015)).  The Eleventh Circuit noted that, in the case before it, the Board had already complied with the hearing officer's order to provide training to staff and develop a new IEP for the student.  The Eleventh Circuit concluded that the case was moot, and it could not grant the relief requested because it could not untrain staff members or undevelop an IEP.  *Id*.  The Court also dismissed the parents' counterclaim as moot because the student had left the Jefferson County school system and had no intention of returning.  *Id*.

Unlike in *Jefferson County*, here there are ongoing factual disputes between the parties, including but not limited to disputes about whether RSD has complied with all of the actions required in the hearing officer's order;  defendants' counterclaims for attorneys' fees and costs as the prevailing party in a proceeding under the IDEA; and defendants' request for compensatory damages for their pecuniary and non-pecuniary losses (Dkt. No. 16, at 11).  *See Lawrence Cty. Sch. Dist. of Lawrence Cty., Arkansas v. McDaniel*, Case No. 3:17-cv-00004 BSM, 2018 WL 1569483, at *1 (E.D. Ark. Mar. 30, 2018) (denying motion to dismiss the school district's appeal of the hearing officer's administrative order in an IDEA case as moot because of ongoing counterclaims for violations of Title II of the Americans with Disabilities Act and section 504 of the Rehabilitation Act).  The Court concludes that, given the early stage in this litigation, the ongoing counterclaims at issue, and viewing the facts in dispute in the light most favorable to RSD, it cannot find that RSD's claims in this lawsuit are moot.

Having concluded that RSD's claims are not moot at this time, the Court need not discuss the exceptions to mootness.

## IV. Conclusion

The Court grants defendants' motion for leave to file a reply brief and directs defendants to file their reply within 14 days from entry of this Order (Dkt. No. 15). The Court denies defendants' motion to dismiss RSD's amended complaint as moot (Dkt. No. 8).

So ordered this 22nd day of September, 2021.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge